# Richard A. Miller & Associates

**356 Veterans Memorial Highway, Suite 3**
**Commack, New York 11725**
Telephone (631) 543-3030     Facsimile (631) 543-2888
Email: RAMillerEsq@aol.com

Richard A. Miller, Esq.                                      Of Counsel:

                                                             Albert Adam Breud, Esq.
                                                             Terrence P. Buckley, Esq.
                                                             Jonathan E. Kirchner, Esq.

July 24, 2014

Hon. Arthur D. Spatt
Senior Judge
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

*Original Electronically Filed*

    Re:    United States v. Aaron Wider
            **Criminal No.: 14-221 (ADS)**

Dear Judge Spatt:

    I am writing at this time to set the framework for the bail application which I will be making on July 29, 2014 at 10:30am. On the day of my client's arraignment on May 6, 2014 the government submitted a nine page letter to the Court stating the reasons why my client should be held without bail pending trial in this matter. In my recent conversations with AUSA James Miskiewicz I have learned that the governments position has not changed, regardless of the bail package which might be offered on his behalf.

    There are three main issues which the Court must consider in determining whether my client should be released from custody pending trial. First, does his release create a danger to the community; second, is it possible for the defense to prepare for the trial of a very complex white collar fraud case in the Nassau County Correctional Facility; and third is the bail package offered by my client satisfactory.

1

## The Government's Position

The Government argues that Mr. Wider must be detained on the ground that he will probably create a danger to the community should he be released.

Detention should be imposed only where a defendant poses a danger to "the safety of any other person and the community" 18 U.S.C. § 314 (e). Unlike detention based on a risk of flight, detention based on dangerousness must "be supported by a clear and convincing evidence" of dangerousness 18 U.S.C. § 3142 (f). This is a higher standard of proof than for a defendant who is a risk of flight.

In support of its argument the Government cites three Second Circuit cases. In each case there existed a very serious chance of true danger to individuals and witnesses known to the defendants or a substantial risk of flight.

United States v. Mercedes, 254 F. 3rd 433 (2d Cir. 2001) held that one defendant was a substantial flight risk, was unemployed and was not a U.S. citizen. He was also indicted for participation in a violent crime.

United States v. Colombo, 777 Fed 100, concerned the release of Anthony Colombo, who was indicted with twenty four other persons, as the head of a Mafia crew from 1975 to 1985 which committed state and federal crimes including murder, robbery, narcotics violations, arson, extortion, bribery and interstate theft and transportation of stolen goods.

United States v. Ferranti, 66 F. 3rd 540, (2nd Circ. 1995) concerned a defendant named Jack Ferranti who was indicted for a conspiracy to commit arson resulting in death, witness tampering and mail fraud. The Grand Jury had heard evidence indicating that Ferranti had tampered with a witness whose testimony concerned the arson charge. Ferrara also was stated to have ordered the murder of a tenant's rights activist who was causing problems in buildings he leased to many tenants. The activist was found

murdered and his body dismembered. Ferranti also personally shot a criminal associate who withdrew from a planned bank robbery.

These three cases are a far cry from the case against my client. At page 7 of the Government's letter it is stated that Mr. Wider committed perjury, gave false statements to investigators, created forged documents and used abusive language at a deposition. My client denies these allegations, except he does admit becoming excited and argumentative at a deposition.

### The Defendant's Offer of Property to Secure a Bond

The defendant wishes to offer his residence and three mortgages on real property located on Long Island. These properties are the following:

**32 Shore Drive West**
**Copaigue, N.Y. 11726**

This property is the defendant's residence and is held in the name of the "Wider Family Trust". The defendant is the sole Trustee for the Trust and the beneficiaries of the Trust are the defendant and his brother and sister. The current value of the residence is approximately $600,000.00.

**43 Spence Avenue**
**Holtsville, N.Y. 11742**

This property bears a first mortgage in the amount of $560,00.00 which is held by HTFC Corp. As stated in the letter of May 6, 2014 by the Government, Aaron Wider is the President and sole shareholder of HTFC Corp. As such he can offer this mortgage as collateral on a bail bond.

**151 Frederick Avenue**
**Floral park, N.Y 11001**

This property bears a first mortgage in the amount of $632,000.00. The mortgage is held by HTFC Corp. As President and sole shareholder of HTFC Corp., Aaron Wider can offer this mortgage as collateral on a bail bond.

63 Carmen Hill Rd.
Massapequa, N.Y 11758

This property bears a first mortgage in the amount of $640,000.00 which is held by HTFC Corp. The mortgage is now in foreclosure. As President and sole shareholder of HTFC Corp., Aaron Wider can offer this mortgage as collateral on a bail bond.

The three mortgages listed will ultimately be either paid by the property owners or sold at a foreclosure sale. In either event the proceeds from these mortgages could exceed $1,500,000.00.

The current real estate tax bill from the Town of Babylon lists the full value of Aaron Wider's residence at $515,447.00 The first half tax payment of $9,558.03 was paid on January 7, 2014 as listed on the current tax bill.

The defendant's residence and the mortgage liens create a very substantial bail package.

### The Burden of Preparing for Trial when a Defendant is Incarcerated

When a defendant is incarcerated a defense attorney's ability to properly prepare for trial in a case such as this one is practically impossible. This is a multi-defendant case alleging a conspiracy to defraud numerous financial institutions between 2003 and 2008. The indictment gives notice that upon conviction the Government will seek a forfeiture from those individuals convicted in an amount equal to or greater than $30,000,000.00. I have recently been advised by the Government, that the indictment will be superceded before trial and that many more counts should be expected in the new indictment. The Government's letter stated that the defendants purchased more than (50) fifty properties in fraudulent transactions. Merely thinking of the number of sellers, buyers, brokers, attorneys, bankers, title companies, surveyors, inspectors, appraisers and the others involved, creates a list of witnesses who may be called by the Government and the defense on 50 property transactions to be shockingly long.

The Government has advised me that many Compact Discs will be provided to me which bear thousands of copies of relevant documents. My client has advised me that he intends to vigorously defend this case and expects to fully assist me in preparing the defense. We have discussed the large number of witnesses whom we may wish to call at trial.

As the Court is aware, my client currently resides in the Nassau County Correctional Facility. The rooms for attorneys to meet with their clients are very small and are limited. On many occasions attorneys must meet with clients in the large visiting room which is very noisy and loud. Conversations therein can be overheard by other attorneys, inmates, and visitors and it would not be possible to adequately review documents and have discussions between attorney and client. Even the time for defendants to review discovery in the law library is normally limited to one hour per week and that one hour includes movement time and is further limited by a lack of software and equipment.

My client is the only defendant in the case who remains incarcerated. The other five defendants have been released on bonds in the amount of $250,000.00. One of the defendants was even released on an unsecured bond. The Government has apparently not opposed the release of these five defendants. The Government may not like my client but there is no valid reason to prevent his release when a reasonable bail package is offered.

The defendant is not a danger to the community and the case law and arguments submitted by the Government may be appropriate in cases involving organized crime, dangerous gangs and murderers, but not in a business fraud case.

Respectfully Submitted,

*Richard A. Miller*

Richard A. Miller, Esq.

RAM/am
cc:    AUSA James Miskiewicz

Defense Counsel:

Anthony M. LaPinta
Edward P. Jenks
Robert P. LaRusso
David Louis Cohen
Collin M. Bond
James M. Miskiewicz