UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
UNITED STATES OF AMERICA

        - against -

AARON WIDER,
JOSEPH FERRARA,
ERIC FINGER,
JOSEPH MIRANDO,
JOHN PETITON, and
MANJEET BAWA,

               Defendants.
--------------------------------------------------X

14-CR-221

AFFIRMATION IN SUPPORT
OF MOTION

RICHARD A. MILLER, an attorney duly admitted to practice law in the United States District

Court and the Courts of the State of New York hereby affirms under the penalties of perjury as

follows:

1.  I am assigned counsel for the Defendant Aaron Wider.

2.  The indictment in this matter, a copy of which is annexed hereto as **Exhibit** A, alleges

    that between 2003 and 2008, HTFC Corporation (hereinafter "HTFC) issued residential

    mortgages to borrowers (paragraph 1) and sold every mortgage it issued to other financial

    institutions in the secondary mortgage market (paragraph 3).

3.  The indictment further alleges that the buyers in the secondary mortgage market relied

    upon HTFC's determination as to whether or not the mortgages were fully collateralized

    by the value of the real estate and the assets and incomes of the borrowers (paragraph 3).

4.  The indictment alleges that the six defendants, "together with others" devised a scheme to

    defraud by obtaining loans by using materially false and fraudulent statements and

    concealing material information (paragraph 13).

5.  The indictment further alleges that there were money "damages" as represented in a "sum of money equal to at least thirty million dollars and no cents ($30,000,000.00) (page 8).

6.  The government also seeks forfeiture in numerous properties, including:

> 1 Catherin Place, North Bellmore, NY 11710
>
> 2550 Jerusalem Avenue, Bellmore, NY 11710
>
> 1571 Bellmore Avenue, Bellmore, NY 11710
>
> 1800 Newbridge Road, Bellmore, NY 11710
>
> 1094 Washington Place, Baldwin, NY 11510
>
> 18 Monroe Avenue, Massapequa, NY 11758
>
> 32 Shore Drive West, Copiague, NY 11726
>
> 312 Clocks Blvd., Massapequa, NY 11758
>
> 356 Arthur Street, Freeport, NY 11520
>
> 44 Sand Street, Massapequa, NY 11758
>
> 63 Carman Mill Road, Massapequa, NY 11758
>
> 83 Shell Street, Massapequa, NY 11758
>
> 885 Wantagh Avenue, Wantagh, NY 11793
>
> 9 Mott Street, Massapequa, NY 11758
>
> 19 Carman Blvd., Massapequa, NY 11758
>
> 48 Locust Drive, Amityville, NY 11701
>
> 2 Lagoon Drive North, Copiague, NY 11726
>
> 45 Carman Mill Road, Massapequa, NY 11758
>
> 5 Sterling Circle, Dix Hills, NY 11746 (pages 8-12).

7.  The indictment does not explain how the damages were calculated, nor why the government believes it is entitled to an interest in the above referenced property.

8.  The government has disclosed numerous DVD discs that contain PDF files and photographs. The documents are labeled as "boxes" on the DVDs. There were 57 electronic "boxes" produced, plus another folder labeled "EDD." These 58 "Box" folders on the DVD yield approximately 150,000 pages of discovery. In addition, the government produced a folder on the DVD that contained what appears to be exhibits from the Grand Jury, which yielded an additional 1,000 pages. The government further produced a disc entitled 140626_1042_Files which contains picture files which number approximately 6,000. The government also produced a disc entitled 140626_1155_1 which contained picture files which contained approximately 100 additional pages of pictures.

9.  Unfortunately, this massive amount of paper discovery, none of it in any real order, raises more questions than answers and has made it virtually impossible for Defendant Wider to prepare a defense in this action. As a result thereof, Defendant Wider has contemporaneously with this motion, served a Discovery Demand on the government.

10. Attached hereto as **Exhibit B** is Defendant's Demand for Discovery. As detailed below, the Court should Order the government to respond to said Demands as requested.

MOTION FOR A BILL OF PARTICULARS

11. Federal Rules of Criminal Procedure Section 7(f) states:

> (f) Bill of Particulars. The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

3

12. According to "Notes of the Advisory Committee on Rules – 1966 Amendment":

> The amendment to the first sentence eliminating the requirement of
> a showing of cause is designed to encourage a more liberal attitude
> by the courts toward bills of particulars without taking away the
> discretion which courts must have in dealing with such motions in
> individual cases.

13. In the instant case, the Court has given Defendants the permission to make motions on or
before March 10, 2015. It is thus respectfully requested that the Court permit Defendant
Wider to make the application for a Bill of Particulars at this time.

14. Generally, "[t]he standard for determining whether a bill of particulars is appropriate is
based on necessity." United States v. Mandell, 710 F. Supp. 2d 368, 384 (S.D.N.Y.
2010). A bill of particulars is required where the charges of the indictment are so general
that they do not advise the defendant of the specific acts of which he is accused and the
other disclosures made by the government is not sufficient. United States v. Walsh, 194
F.3d 37, 47 (2d Cir. 1999) (quotations omitted). "The purpose of a bill of particulars is to
supplement the allegations in the indictment when necessary to (1) enable the defendant
to prepare his defense, (2) avoid unfair surprise to the defendant at trial, and (3) preclude
a second prosecution of the same offense." Mandell, 710 F. Supp. 2d. at 384 (internal
quotation marks and citation omitted).

15. Defendant's Discovery Demand is attached hereto as **Exhibit B**.

16. Contained in the Discovery Demand is Defendant's Demand for a Bill of Particulars. It is
essential that the government respond to the demand for a Bill of Particulars in this
matter. Without the particulars, Defendant is left with a vague and general indictment and
over 150,000 pages of documentation that do little, if anything, to help Defendant prepare
for trial. This is an extremely complex conspiracy case where the alleged conspiracy is

4

lengthy, allegedly had many members, some indicted, and some apparently not. The indictment along with the discovery given so far by the government do not enable the Defendant to prepare his defense, will more than likely result in unfair surprise to the defendant at trial and if the allegations in the indictment are not particularized could result in Defendant being prosecuted a second time for the same offense. In "complex conspiracy cases like this one, the potential for unfair surprise and the difficulty of preparing a defense are amplified." United States v. Rajaratnam, No. 09 Cr. 1184 (RJH), 2010 U.S. Dist. LEXIS 70385, 2010 WL 2788168, at *2 (S.D.N.Y. July 13, 2010).

17. Based upon the above, it is respectfully requested that the Court Order the government to respond to Defendant Wider's Bill of Particulars within thirty days.

MOTION FOR EARLY PRODUCTION OF THE GOVERNMENT'S EXHIBIT LIST

18. In addition to the above requested relief, it is respectfully requested that the Court Order an early production of the government's Exhibit list so as to permit Defendant adequate time to prepare for trial. The Court in United States v. Bonventre, 2013 U.S. Dist. LEXIS 74829, at *25-26, stated:

> Considering the generic categories of documents listed in the Indictment, the fact that the charges in the Indictment span decades, the sheer volume of documents at issue in this case, the number of Defendants allegedly involved and the difficulty for the Defendants in determining which Defendant is alleged to have produced, or been involved in producing, each document, the Court finds that the particular circumstances of this case warrant earlier disclosure of the Government's exhibit copies and list than the date proposed by the Government. The Government is ordered to produce a list of exhibits and copies of the exhibits that it will use to prove the charges in this case no later than 60 days before the commencement of trial. The Government must also disclose to the Defendants at that time which exhibits it will use against which of the Defendants. This additional disclosure is necessary so that the Defendants can prepare adequately for trial.

5

19. The instant case is analogous. As stated above, the government has produced over
150,000 pages of discovery. Defendant should be permitted to have knowledge of the
documents that the government anticipates using as Exhibits. This matter is currently set
for trial to begin on November 2, 2015. As such, it is respectfully requested that the Court
Order the government to turn over its Exhibit List on or before September 1, 2015.

EARLY PRODUCTION OF EXPERT WITNESS DISCLOSURE, JENCKS MATERIAL AND
BRADY MATERIAL

20. Defendant also respectfully requests early production of other relevant materials,
including, but not limited to Expert Witness Disclosure, Jencks material and Brady
material. The Bonventre Court, in a matter similar to the instant case, ordered early
production of said materials:

> As explained above, the Government must provide a list of
> exhibits to Defendants 60 days before trial, along with the exhibits
> themselves and an explanation of which exhibits will be used
> against which Defendants. The remaining materials must be
> disclosed 45 days in advance of trial, in accordance with the
> parties' existing agreement. Even considering the scope of this
> case, the 45-day window is "sufficient to allow 'for full exploration
> and exploitation [of these materials] by the defense.'" United States
> v. Meregildo, No. 11 Cr. 576(WHP), 2012 U.S. Dist. LEXIS
> 138172, 2012 WL 4378047, at *7 (S.D.N.Y. Sep. 24, 2012)
> (citation omitted). United States v. Bonventre, 2013 U.S. Dist.
> LEXIS 74829

21. In the instant case, it is imperative that this information be exchanged a full 60 days
before trial. Defendant must be given the opportunity to conduct research into the
background of any expert witnesses the government plans on calling. Defendant must be
permitted ample time to track down transcripts of testimony that said proposed expert(s)
had given. It is highly likely that the government will be producing an expert witness
regarding the values of the properties at question in this matter. A real estate expert

6

would likely have testified in and given his or her opinion in numerous cases, including

cases related to eminent domain and tax certiorari. The Defendant should be given ample

time to review the expert's qualifications and prior testimony.

## MOTION TO PRECLUDE PRIOR CONVICTIONS, WRONGS AND OTHER ACTS

22. Defendant Wider has a criminal history that the prosecution should be precluded from

admitting into evidence, should Wider chose to take the witness stand.

23. Federal Rule of Evidence 404(b) states:

(b) Crimes, Wrongs, or Other Acts
(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a
person's character in order to show that on a particular occasion the person acted with the
character.
(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for
another purpose, such as proving motive, opportunity, intent, preparation, plan,
knowledge, identify, absence of mistake, or lack of accident. On request by a Defendant
in a criminal case, the prosecutor must:
    (A) provide reasonable notice of the general nature of any such evidence that the
    prosecutor intends to offer at trial; and
    (B) do so before trial – or during trial if the court, for good cause, excuses lack of
    pretrial notice.

24. Attached hereto as **Exhibit C** is a print-out of the prior convictions, crimes, wrongs and

other acts of Defendant Wider that the defense received at arraignment.

25. There are ten crimes that the defense is aware of. Six of the crimes are related to driving

while intoxicated.

26. In 1984, Wider was convicted upon a plea of guilty of a Class U Misdemeanor related to

drinking and driving. Wider was next convicted of the infraction of driving while ability

impaired by the consumption of alcohol in 1995. There is little doubt that these crimes /

convictions / wrongs should be precluded. They are both over 20 years ago. The offenses

of driving while intoxicated (or driving while impaired) have nothing to do with the

crime that Defendant is accused of in this case, conspiracy to commit bank fraud.

27. On or about January 21, 2003, Wider was convicted upon a plea of guilty to criminal possession of a weapon (class A misdemeanor) and a class U misdemeanor of Operating Motor Vehicle .10 of 1% alcohol. The alcohol portion of this conviction should be precluded for the reasons stated in the previous paragraph. The firearm possession conviction should also be precluded, as it has nothing to do with the crime that Defendant is accused of committing in this case.

28. On or about February 7, 2006, Wider was convicted upon a plea of guilty of the Class E Felony of driving while intoxicated (a felony due to the previous conviction). As a result thereof, his probation for the prior conviction in 2002 was revoked. In February 2008, Wider was convicted upon a plea of guilty of another alcohol related offense, and related violations of probation as a result. See **Exhibit C**. In December 2008, Wider was convicted upon a plea of guilty to the class E felony of Driving While Intoxicated. This crime should be precluded because it has nothing to do with the crime that Defendant is accused of committing in this case, conspiracy to commit bank fraud.

29. In February 2010, Wider was convicted upon a plea of guilty of Assault in the 3rd Degree, Recklessly causing physical injury, a class A misdemeanor. This crime should be precluded because it has nothing to do with the crime that Defendant is accused of committing in this case.

30. In October 2010, Wider was convicted upon a plea of guilty of Criminal Mischief. This crime should be precluded because it has nothing to do with the crime that Defendant is accused of committing in this case.

8

31. As all of the past crimes that Wider was accused of have no relevance to the crime of
conspiracy to commit bank fraud, the Court should preclude the prosecution's use of the
prior crimes should Defendant Wider decide to testify in this matter.

MOTION TO RETURN SEIZED PROPERTY

32. On or about April 11, 2014, U.S. Magistrate Judge Arlene R. Lindsay issued a Search and
Seizure Warrant permitting the government to execute a search of Defendant Wider's
home on or before April 21, 2014. A copy of the Search and Seizure Warrant with
attachments is annexed hereto as **Exhibit D**.

33. Thereafter, the government, did, in fact, search said property and seize certain property of
Defendant Wider.

34. Defendant Wider is not arguing that the warrant was not valid; rather, the argument is
that the government seized documents and Defendant's motor vehicle, which are not
instrumentalities of crime and should therefore be returned.

35. However, the government took certain items which should be returned to Wider,
specifically his motor vehicle and certain family records.

36. Said items should be returned to the Defendant pursuant to Federal Rule of Criminal
Procedure Section 41(g), which states:

> Motion to Return Property. A person aggrieved by an unlawful
> search and seizure of property or by the deprivation of property
> may move for the property's return. The motion must be filed in
> the district where the property was seized. The court must receive
> evidence on any factual issue necessary to decide the motion. If it
> grants the motion, the court must return the property to the movant,
> but may impose reasonable conditions to protect access to the
> property and its use in later proceedings.

37. The government has seized Defendant Wider's motor vehicle. As the Court is aware,
Wider is charged with conspiracy to commit bank fraud. Mr. Wider's motor vehicle is not

an instrumentality of the crime of conspiracy to commit bank fraud. Therefore, his motor vehicle should be returned.

38. The government also seized certain documents as relates to Mr. Wider's family, such as wills and banking records. Mr. Wider's father's will and his mother's will, as well as the banking records related to Mr. Wider's family should be returned. They are not instrumentalities used to commit any crime.

39. Therefore, it is respectfully requested that the Court Order the government to return those items.

CONCLUSION

40. Based upon the above, it is respectfully requested that the Court grant Defendant Aaron Wider's motion in its entirety.

Dated: Commack, New York
     March 9, 2015

                      Richard A. Miller
                      Attorney for Defendant Wider
                      356 Veterans Memorial Highway, Suite 3
                      Commack, New York 11725
                      (631) 543-3030
                      (631) 543-2888
                      ramilleresq@aol.com

TO:

AUSA James M. Miskiewicz
Loretta E. Lynch
United States Attorney
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722



JJD:JMM
F.# 2014R00119

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

AARON WIDER,
JOSEPH FERRARA,
ERIC FINGER,
JOSEPH MIRANDO,
JOHN PETITON, and
MANJEET BAWA,

           Defendants.

- - - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAY 01 2014   ★

LONG ISLAND OFFICE

I N D I C T M E N T

Cr. No.: CR-14   221

(T. 18, U.S.C., §§
982(a)(2)(A),
1349 and 3551
et seq.; T. 21, U.S.C.,
§ 853(p))

SPATT, J.

BROWN, M. J.

THE GRAND JURY CHARGES:

## INTRODUCTION

    At all times relevant to this Indictment, unless otherwise indicated:

    1.  HTFC Corporation ("HTFC") was a licensed mortgage banker in New York State with an office located in Garden City, New York through January 2008. Between 2003 and 2008, HTFC issued residential mortgages to borrowers. HTFC did not possess assets to fund these loans. Instead, HTFC borrowed money from other financial institutions, and used such financing to issue mortgages.

    2.  First Collateral Services, Inc., Georgia Banking Company and Sovereign Bank were financial institutions that

Case 2:14-cr-00221-ADS-AKT Document 100 Filed 03/11/15 Page 13 of 47 PageID #: 267
Case 2:14-cr-00221-ADS-AKT Document 1 Filed 05/01/14 Page 2 of 14 PageID #: 2

2

funded mortgages issued by HTFC (the "Warehouse Lenders"). In determining whether to finance specific mortgages, the Warehouse Lenders relied on information contained in HTFC loan applications, residential contracts of sale, deeds and information provided on a U.S. Department of Housing and Urban Development ("HUD") form, known as a HUD-1, which itemized down payments made by purchasers, any adjustments to the final sales prices of properties, as well as, services and fees charged to borrowers by lenders when applying for a loan for the purpose of purchasing real estate. The Warehouse Lenders were financial institutions as defined in Title 18, United States Code, Section 20(1).

3. HTFC sold every mortgage it issued to other financial institutions in what was known as the secondary mortgage market. Buyers in the secondary mortgage market relied upon HTFC to evaluate information contained in real estate contracts of sale, deeds, appraisal reports and HUD-1 settlement statements, among other documents, to determine if the mortgages were of investment grade, that is, whether the mortgages were fully collateralized by the value of the real estate and the assets and incomes of the borrowers. Buyers in the secondary mortgage market either collected payments from the borrowers, known as mortgagors, resold the loans to other banks, or bundled such mortgages into investment products, known as collateralized

Case 2:14-cr-00221-ADS-AKT   Document 100   Filed 03/11/15   Page 14 of 47 PageID #: 268
Case 2:14-cr-00221-ADS-AKT   Document 1   Filed 05/01/14   Page 3 of 14 PageID #: 3

3

mortgage obligations or mortgage-backed securities, which were re-sold to other investors, such as pension funds, insurance companies, hedge funds and other financial institutions.

4.   GMAC, Webster Bank, Guaranty Bank and Deutsche Bank were financial institutions, as defined in Title 18, United States Code, Section 20(1), that purchased mortgages from HTFC (the "Secondary Market Financial Institutions").

5.   Nomura Securities International, Inc. also purchased mortgages from HTFC in the secondary mortgage market.

The Defendants

6.   The defendant AARON WIDER was the owner, president and sole shareholder of HTFC, which operated out of HTFC's offices in Garden City until January 2008.   After January 2008, WIDER operated HTFC out of personal residences located in Nassau and Suffolk Counties, New York that were among several residential properties that WIDER purchased with mortgages issued by HTFC.

7.   The defendant JOSEPH FERRARA was a resident of Long Beach, New York, who purchased residential real estate in Nassau and Suffolk Counties through mortgages issued by HTFC.

8.   The defendant ERIC FINGER was an attorney, admitted to practice law in New York State, who maintained a law office in Mineola, New York.

Case 2:14-cr-00221-ADS-AKT   Document 100   Filed 03/11/15   Page 15 of 47 PageID #: 269
Case 2:14-cr-00221-ADS-AKT   Document 1   Filed 05/01/14   Page 4 of 14 PageID #: 4

4

9.    The defendant JOSEPH MIRANDO was a licensed real estate appraiser in New York State, who maintained offices in Suffolk County, New York.

10.    The defendant JOHN PETITON was an attorney, admitted to practice law in New York State.  PETITON operated a solo practice from within HTFC's office in Garden City, New York.

11.    The defendant MANJEET BAWA was a resident of Dix Hills, New York, who purchased residential real estate in Nassau County through mortgages issued by HTFC.

The Fraudulent Scheme

12.    In or about and between January 2003 and January 2008, the defendants MANJEET BAWA, JOSEPH FERRARA, ERIC FINGER, JOSEPH MIRANDO, JOHN PETITON and AARON WIDER, together with others, devised a scheme and artifice to defraud the Warehouse Lenders and the Secondary Market Financial Institutions by obtaining over $30 million through materially false and fraudulent statements and by concealing material information regarding the collateral values of properties that were supposed to secure the mortgages issued and re-sold by HTFC.

13.    It was a further part of the scheme that the defendants AARON WIDER, JOSEPH FERRARA, JOHN PETITON and MANJEET BAWA, together with others, executed contracts to buy residential real estate in Nassau and Suffolk Counties from

Case 2:14-cr-00221-ADS-AKT   Document 100   Filed 03/11/15   Page 16 of 47 PageID #: 270
Case 2:14-cr-00221-ADS-AKT   Document 1   Filed 05/01/14   Page 5 of 14 PageID #: 5

5

third-party sellers in arm's-length negotiations (the "True Sales"). In connection with True Sales, the defendants WIDER, FERRARA AND BAWA, together with others, prepared HTFC mortgage loan applications that falsely inflated the prices paid for the real estate purchased in the True Sales by approximately 80 percent. The defendants also included materially false information in their loan applications concerning the source, nature and amount of their incomes, concealed their liabilities, and provided false employment and income information.

14. It was a further part of the scheme to defraud that the defendant AARON WIDER, together with others, paid the defendant JOSEPH MIRANDO to prepare false and fraudulent appraisal reports to correspond with the fraudulently inflated purchase prices contained in the false mortgage loan applications.

15. It was a further part of the scheme to defraud that the defendant AARON WIDER, as owner and president of HTFC, submitted and caused to be submitted the false mortgage loan applications to the Warehouse Lenders in order to obtain mortgage funding in amounts that substantially exceeded the True Sales prices and the collateral value of the properties.

16. It was a further part of the scheme to defraud that upon obtaining Warehouse Lender funding, based on the fraudulent loan applications, and upon closing on the True

Case 2:14-cr-00221-ADS-AKT   Document 100   Filed 03/11/15   Page 17 of 47 PageID #: 271
Case 2:14-cr-00221-ADS-AKT   Document 1   Filed 05/01/14   Page 6 of 14 PageID #: 6

6

Sales, the defendant JOHN PETITON created legal entities called trusts (the "Sham Trusts") into which the defendants AARON WIDER, JOSEPH FERRARA and MANJEET BAWA, together with others, purportedly transferred all ownership rights to the True Sales  real estate for no money or other consideration. PETITON, together with others, then executed deeds and contracts of sale that purportedly sold the same properties back to the defendants WIDER, FERRARA, BAWA and others at the fraudulently inflated prices (the "Sham Sales").  The Sham Sales concealed the existence of the True Sales prices from the Warehouse Lenders and defrauded the Warehouse Lenders into providing mortgage funding that exceeded the collateral value of the real estate by approximately 80 percent.

17.  It was a further part of the scheme to defraud that the defendant ERIC FINGER, acting as settlement attorney for HTFC, concealed from the Warehouse Lenders and Secondary Market Financial Institutions the True Sales prices by preparing false and fraudulent HUD-1 settlement statements and other documents for the inflated Sham Sales.  As settlement attorney, FINGER received wire transfers into his escrow bank account from the Warehouse Lenders that substantially exceeded the price paid in the True Sales, and paid to the sellers involved in the True Sales.  FINGER then disbursed the excess funds to himself and the defendants and prepared fraudulent mortgage files, commonly

Case 2:14-cr-00221-ADS-AKT   Document 100   Filed 03/11/15   Page 18 of 47 PageID #: 272
Case 2:14-cr-00221-ADS-AKT   Document 1   Filed 05/01/14   Page 7 of 14 PageID #: 7

7

known as collateral packages, that were transmitted to the
Warehouse Lenders.

18.   It was a further part of the scheme that the
defendant AARON WIDER, as owner and president of HTFC, re-sold
mortgages to the Secondary Market Financial Institutions by
submitting and causing to be submitted the collateral packages,
which falsely represented that the mortgages were fully
collateralized by the properties as well as by the defendant
AARON WIDER's assets and income, or the assets, liabilities and
income of the defendants JOSEPH FERRARA, MANJEET BAWA, or other
HTFC mortgagors.

### CONSPIRACY TO COMMIT BANK FRAUD

19.   The allegations contained in paragraphs one
through eighteen are re-alleged and incorporated as if fully set
forth in this paragraph.

20.   In or about and between January 2003 and June
2008, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
AARON WIDER, JOSEPH FERRARA, ERIC FINGER, JOSEPH MIRANDO,
JOHN PETITON and MANJEET BAWA, together with others, did
knowingly and intentionally conspire to execute a scheme and
artifice to defraud one or more financial institutions, to wit:
Deutsche Bank, First Collateral Services, Inc., GMAC, Georgia
Banking Company, Guaranty Bank, Sovereign Bank and Webster Bank,

Case 2:14-cr-00221-ADS-AKT  Document 100  Filed 03/11/15  Page 19 of 47 PageID #: 273
Case 2:14-cr-00221-ADS-AKT  Document 1  Filed 05/01/14  Page 8 of 14 PageID #: 8

8

and to obtain moneys, funds, credits, assets, securities and other property owned by, and under the custody and control of, said financial institutions, by means of materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION

21. The United States hereby gives notice to the defendants that, upon their conviction of the above-charged offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2)(A), which requires any person convicted of such offense to forfeit any property, real or personal, constituting or derived from proceeds traceable to such offense, including but not limited to the following:

### Money Judgment:

A sum of money equal to at least thirty million dollars and no cents ($30,000,000.00); and

### Specific Property:

a) all right, title and interest in the real property and premises located at 1 Catherine Place, North Bellmore, NY 11710, Section 56, Block K01, Lot 11, and all proceeds traceable thereto;

Case 2:14-cr-00221-ADS-AKT   Document 100   Filed 03/11/15   Page 20 of 47 PageID #: 274
Case 2:14-cr-00221-ADS-AKT   Document 1   Filed 05/01/14   Page 9 of 14 PageID #: 9

9

b)   all right, title and interest in the real property and premises located at 2550 Jerusalem Avenue, Bellmore, NY 11710, Section 56, Block 213, Lot 111, and all proceeds traceable thereto;

c)   all right, title and interest in the real property and premises located at 1571 Bellmore Avenue, Bellmore, NY 11710, Section 56, Block 434, Lot 041, and all proceeds traceable thereto;

d)   all right, title and interest in the real property and premises located at 1800 Newbridge Road, Bellmore, NY 11710, Section 56, Block K1, Lot 522, and all proceeds traceable thereto;

e)   all right, title and interest in the real property and premises located at 1094 Washington Place, Baldwin, NY 11510, Section 54, Block 359, Lot 756, and all proceeds traceable thereto;

f)   all right, title and interest in the real property and premises located at 18 Monroe Avenue, Massapequa, NY 11758, Section 53, Block 043, Lot 143, and all proceeds traceable thereto;

g)   all right, title and interest in the real property and premises located at 32 Shore Drive West, Copiague, NY 11726, Section 185, Block 02.00, Section 044.064, and all proceeds traceable thereto;

Case 2:14-cr-00221-ADS-AKT   Document 100   Filed 03/11/15   Page 21 of 47 PageID #: 275
Case 2:14-cr-00221-ADS-AKT   Document 1   Filed 05/01/14   Page 10 of 14 PageID #: 10

10

h)    all right, title and interest in the real property and premises located at 312 Clocks Blvd, Massapequa, NY 11758, Section 66, Block 098, Lot 110, and all proceeds traceable thereto;

i)    all right, title and interest in the real property and premises located at 356 Arthur Street, Freeport, NY 11520, Section 62, Block 090, Lot 101, and all proceeds traceable thereto;

j)    all right, title and interest in the real property and premises located at 44 Sand Street, Massapequa, NY 11758, Section 66, Block 104, Lot 81, and all proceeds traceable thereto;

k)    all right, title and interest in the real property and premises located at 63 Carman Mill Road, Massapequa, NY 11758, Section 53, Block 002, Lot 1, and all proceeds traceable thereto;

l)    all right, title and interest in the real property and premises located at 83 Shell Street, Massapequa, NY 11758, Section 66, Block 107, Lot 80, and all proceeds traceable thereto;

m)   all right, title and interest in the real property and premises located at 885 Wantagh Avenue, Wantagh, NY 11793, Section 51, Block 474, Lot 19, and all proceeds traceable thereto;

Case 2:14-cr-00221-ADS-AKT   Document 100   Filed 03/11/15   Page 22 of 47 PageID #: 276
Case 2:14-cr-00221-ADS-AKT   Document 1   Filed 05/01/14   Page 11 of 14 PageID #: 11

11

n)  all right, title and interest in the real property and premises located at 9 Mott Street, Massapequa, NY 11758, Section 53, Block 49, Lot 2, and all proceeds traceable thereto;

o) all right, title and interest in the real property and premises located at 19 Carman Blvd, Massapequa, NY 11758, Section 66, Block 104, Lot 72, and all proceeds traceable thereto;

p)  all right, title and interest in the real property and premises located at 48 Locust Drive, Amityville, NY 11701, Section 1.00, Block 2.00, Lot 014.000, and all proceeds traceable thereto;

q)  all right, title and interest in the real property and premises located at 2 Lagoon Drive North, Copiague, NY 11726, Section 185, Block 2, Lot 39, and all proceeds traceable thereto;

r) all right, title and interest in the real property and premises located at 45 Carman Mill Road, Massapequa, NY 11758, Section 53, Block 16, Lot 58, and all proceeds traceable thereto;

s) all right, title and interest in the real property and premises located at 5 Sterling Circle, Dix Hills, NY 11746, Section 262, Block 3, Lot 15.005, and all proceeds traceable thereto; and

Case 2:14-cr-00221-ADS-AKT   Document 100   Filed 03/11/15   Page 23 of 47 PageID #: 277
Case 2:14-cr-00221-ADS-AKT   Document 1   Filed 05/01/14   Page 12 of 14 PageID #: 12

12

t)    all right, title and interest in one 2005 Lincoln
Town Car limousine VIN# 1L1FM88W95Y624083, held in the name of
Wider Bank and Trust and Aaron Wider.

22.   If any of the above-described forfeitable
property, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due
diligence;

b.    has been transferred or sold to, or deposited
with, a third party;

c.    has been placed beyond the jurisdiction of the
Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property, which
cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21,
United States Code, Section 853(p), to seek forfeiture of any

Case 2:14-cr-00221-ADS-AKT   Document 100   Filed 03/11/15   Page 24 of 47 PageID #: 278
Case 2:14-cr-00221-ADS-AKT   Document 1   Filed 05/01/14   Page 13 of 14 PageID #: 13

13

other property of the defendants, up to the value of the

forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(2)(A);

Title 21, United States Code, Section 853(p))


A TRUE BILL


FOREPERSON


LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. C.131

F. #20_R__
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*AARON WIDER, ET AL.,*

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 982 (a) (2) (A), 1349 and
3551 et seq.; T. 21, U.S.C., § 853 (p))

_____
A true bill.

_____
Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____

_____

*James M. Miskiewicz, Deputy Chief Assistant U.S. Attorney*
*(631) 715-7841*

*B*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA         CR-14-221

      - against -              DEMAND FOR DISCOVERY

AARON WIDER,
JOSEPH FERRARA,
ERIC FINGER,
JOSEPH MIRANDO,
JOHN PETITON, and
MANJEET BAWA,

               Defendants.
-------------------------------------------------X

Pursuant to Rules 7(f), 12, 16 and 26.2 of the Federal Rules of Criminal Procedure; Rules 404,

702, 703, 705, 801 and 1006 of the Federal Rules of Evidence; Title 18, United States Code

Section 3500; the Sixth Amendment to the United States Constitution and applicable precedents

of the United States Court of Appeals for the Second Circuit and the United States Supreme

Court, demand is made for discovery in this action. Specifically, Defendant Aaron Wider

demands the disclosure and production of, or in the alternative, the opportunity to inspect,

photocopy or photograph, the following information:

1. Bill of Particulars:

      The Defendant Aaron Wider requests that the government provide him with the
      following particulars:

      a. The date, time, location and manner in which the Defendant is alleged to have
         become a member of the conspiracy alleged.

      b. Particularize each and every concealment of material information regarding
         the collateral values of properties that were supposed to secure the mortgages

issued and re-sold by HTFC, as alleged in paragraph 12 of the indictment. Attach copies of said documents.

c. Particularize each and every piece of materially false information contained in the loan applications concerning the source, nature and amount of the Defendants incomes, as alleged in paragraph 13 of the indictment. Attach copies of said documents.

d. Particularize each and every concealment of liabilities contained in the Defendants' loan applications, as alleged in paragraph 13 of the indictment. Attach copies of said documents.

e. Particularize each and every false statement of employment in the Defendants' loan applications, as alleged in paragraph 13 of the indictment. Attach copies of said documents.

f. Particularize each and every false statement of income information in the Defendants' loan applications, as alleged in paragraph 13 of the indictment. Attach copies of said documents.

g. Particularize the false information in the appraisal reports prepared by Joseph Mirando, as alleged in paragraph 14 of the indictment.

h. Particularize the fraudulent information in the appraisal reports prepared by Joseph Mirando, as alleged in paragraph 14 of the indictment.

i. Particularize the false information in the mortgage loan applications that were allegedly submitted to the Warehouse Lenders, as alleged in paragraph 15 of the indictment. Attach copies of said documents.

2

j.   Particularize how the government determined that the mortgage funding provided by the Warehouse Lenders exceeded the collateral value of the real estate by approximately 80%, as alleged in paragraphs 13 and 16 of the indictment. Attach copies of said documents. Identify the individual(s) that made said determination.

k.   Particularize how the government determined that the "victims" in this matter suffered damages of "at least thirty million dollars and no cents ($30,000,000.00)" as alleged on page 8 of the indictment.

2.   Statements of the Defendant Aaron Wider:

Any relevant written or record statements made by the Defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government. This request also calls for discovery of the time, place and circumstances of such statements.

3.   Documents and Tangible Objections:

The Defendant specifically requests disclosure of the following items:

a.   Any ledges, receipts, vouchers, logs, message pads, carbons and typed or handwritten notes which were removed from his person or from an area under his immediate control.

b.   Any telephone instruments, electronic pages, phone cards or bills issued by service providers for the aforementioned telephone or paging services, which were removed from his person or from an area under his immediate control.

3

    c.  Any telephone records obtained by the government which relate to any such telephone instruments or telephone bills described above, any telephone records obtained by the government which relate to information obtained from documents described above.

    d.  Any hand held computer devices, PDAs, electronic phone books, electronic organizers, laptop computers, desktop computers, diskettes, CDs, DVDs, BluRays, data cards, tapes, memory chips, digital cameras or other electronic devices capable of storing data which were seized from the Defendant.

4.  Reports of Examination and Tests, Electronic Surveillance:

    a.  All mechanical or electric recordings that contain any conversations of the Defendant, co-Defendants or co-conspirators, whether indicted or unindicted which were made through the use of a wiretapping, eavesdropping or recording device.

    b.  All information related to this indictment which was obtained through electronic, audio or visual surveillance conducted by any governmental agency or by any agent of the government or by any other person who may have communicated with the Defendant, co-Defendants or co-conspirators, or which was conducted on or in any place or premises, whether private or business, which the Defendant, co-Defendants or co-conspirators owned, leased, occupied, or had some proprietary interest therein.

    c.  Any and all applications and/or orders pertaining to electronic surveillance referred to herein above.

4

    d.  Any and all photographs, diagrams, papers, documents, tangible objects or other material showing scenes, places of meetings, or any area where it is claimed that the Defendant or co-Defendants or co-conspirators met in connection with any aspect of this indictment.

5. Expert Witnesses

    a.  A written summary of testimony that the government intends to use under Rules 702, 703 and/or 705 of the Federal Rules of Evidence during its case in chief at trial. If the government requests discovery under Rule 16(b)(1)(C)(ii), Federal Rules of Criminal Procedure and the Defendant complies, then the government shall disclose a written summary of the testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the Defendant's mental condition. The summary shall describe the witness' opinions, the bases and the reasons for those opinions and the witness' qualification.

    b.  Provide the names, current address, job title and curriculum vitae for any witness the government intends to call as an expert witness.

6. Jencks Material: 18 U.S.C. Section 3500

    a.  The Defendant demands all statements of government witnesses which are in the possession of the government and that relate to the subject matter to which the witness has, or will, testify within forty five (45) days of the trial date set in this action. This demand includes, but is not limited to, handwritten and other information notices of interviews. If any such statements or notes have been or are intended to be discarded or destroyed, please identify such

5

statements and notices, in sufficient detail to permit a request to the Court for appropriate relief in advance of trial. This demand also includes notes of prosecutors, statements known by prosecutors, statements indicative of witness bias, notes of agents, police and informants.

b.  Any and all evidence of criminal conduct - state of federal- on the part of any person whom the prosecution intends to call as a witness at trial of which the prosecution, its agents and representatives have become aware. This request includes institutional disciplinary records, if such person was a federal or state inmate. This request also includes the particulars of all judicial proceedings in any criminal cases involving (as a witness, unindicted co- conspirator or defendant) any person who is a potential government witness at the trial of this action.

c.  The substance of any and all promises, understandings or agreements, formal or informal, between the prosecution, its agents and representatives and persons (including counsel for such persons) whom the government intends to call as witnesses at trial, together with copies of all documentation pertaining thereto. This request includes, but is not limited to, such promises, understandings or agreements as may have been made in connection with other cases or investigations. This request includes information concerning any payment of monies to any prospective witness(es). This request also includes information about any and all witnesses or prospective witnesses in this case who are or have been in the Witness Protection Program, including the documents pertaining to any offers by the government to any witness or

6

prospective witness to enter the Witness Protection Program, and all psychological testimony, and polygraphing.

d.  Any and all evidence that any person who is a government witness or prospective government witness in this case is, or was suffering from any physical or mental disability or emotional or emotional disturbance, drug addiction or alcohol addiction at any time during the period of the indictment to the present. This request includes records and reports of psychological or psychiatric testimony with respect to any such person who was an inmate of a federal or state prison or underwent such tests as a condition of entering the federal witness protection program.

e.  Any and all statements, formal and informal, oral or written by the prosecution, its agents and representatives to any person (including counsel for such persons) whom the prosecution intends to call as a witness at trial pertaining in any way to the possibility, likelihood, course or outcome of any government action - state or federal, civil or criminal or immigration matters against the witness, or anyone related by immigration matters against the witness, or anyone related by blood or marriage to the witness, or anyone associated in business with the witness, or any corporation, partnership, joint venture or other association employing the witness or in which the witness has an interest. This request includes government actions, promises or efforts, letters, recommendations concerning federal aid benefits, licensing, certification, or other actions or promises to take affirmative actions to help

7

that witness (or the witness' family or business associates) gain status in a profession or otherwise improve that witness' position.

7. Attorney-Client Relationship:

   a. State whether or not any information, irrespective of how remote or inconsequential it may seem to be, has been obtained by the government in connection with this investigation from any of the past attorneys for the Defendant which might arguably or potentially be in violation of the attorney-client privilege.

   b. State whether or not the government or any of its agents or attorneys attempted to obtain any information from any prospective witness, arguably or potentially in violation of the attorney-client privilege, in connection with the investigation of this case. If the answer is in the affirmative, specify and please state in detail when, where and how such attempt took place.

8. Brady Material:

   All information of whatever form, source or nature which tends to exculpate the Defendant either through an indication of his innocence or through the potential impeachment of any government witness, and all information of whatever form, source, or nature may lead to evidence which tends to exculpate the Defendant.

9. Severance:

   Please provide copies of any statements made by a co-defendant which implicate the defendant in any criminal act and which may reasonably constitute a basis for a severance motion.

8

As grounds for this request, the defendant states that the requested matter is material and necessary to the preparation of his defense on the merits of the charges against him, and that the items are evidentiary and the production of them is reasonable and will expedite the trial of this cause and materially aid the defendant in the preparation of his defense, that some of the material requested is exculpatory in nature.

Dated: Commack, New York
      March 9, 2015

                             /s/
                     Richard A. Miller
                     Jonathan Edward Kirchner
                     Attorneys for Defendant Wider
                     356 Veterans Memorial Highway, Suite 3
                     Commack, New York 11725
                     (631) 543-3030
                     (631) 543-2888
                     ramilleresq@aol.com
                     jek@jekpc.com

TO:

AUSA James M. Miskiewicz
Loretta E. Lynch
United States Attorney
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

# USA v. Aaron Wider

| Date of Arrest | Agency | Charge | Disposition |
|---|---|---|---|
| 05/13/1984 (Age 20) | NYCPD PCT 115 | Operating Motor Vehicle Intoxicated-1st Offense Class U Misdemeanor | Convicted Upon Plea Of Guilty - December 06, 1984 Operating Motor Vehicle .10 Of 1% Alcohol-1st Offense Class U Misdemeanor<br><br>Sentenced to: 350/30D FINE PD - Sentence Date: December 06, 1984<br><br>August 23, 1984 Returned On Warrant November 02, 1984 Returned On Warrant |
| 06/24/1995 (Age 31) | NYSP Troop T Headquarters; | Driving While Intoxicated-1st Offense Class U Misdemeanor Operating Motor Vehicle .10 Of 1% Alcohol-1st Offense Class U Misdemeanor | Convicted Upon Plea Of Guilty - Conviction Date: August 17, 1995 Driving While Ability Impaired By The Consumption of Alcohol - Infraction<br><br>Sentenced to: Fine Amount: $300 Status: Paid in Full Sentence Date: August 17, 1995 |

| 12/23/2002 (Age 38) | Nassau County Police Department | Criminal Possession Weapon-3rd: Previous Conviction Class D Felony<br><br>Operating Motor Vehicle .10 Of 1% Alcohol-1st Offense Class U Misdemeanor | Convicted Upon Plea Of Guilty - Conviction Date: January 21, 2003 Criminal Possession Weapon-4th:Firearm/Weapon Class A Misdemeanor<br><br>Sentenced to: Term: 15 Day(s) Fine Amount: $150 Status: Paid in Full Sentence Date: May 30, 2003<br><br>Convicted Upon Plea Of Guilty - Conviction Date: January 21, 2003<br><br>Operating Motor Vehicle .10 Of 1% Alcohol-1st Offense Class U Misdemeanor<br><br>Sentenced to: Probation: 3 Year(s) Custody/Fine: 15 Day(s)/$730 Status: Paid in Full License Revoked Sentence Date: May 30, 2003 |
| 12/17/2004 (Age 40) | Amityville Village Police Department | Driving While Intoxicated-1st Offense Class U Misdemeanor | Convicted Upon Plea Of Guilty - Conviction Date: February 07, 2006 DWI: Previous Conviction Designated Offense Within 10 Years Class E Felony<br><br>Sentenced to: Probation: 5 Year(s) Fine Amount: $1000 Status: Transferred for Collection, Unspecified License Revoked Sentence Date: June 05, 2006<br><br>Probation Information:<br><br>Probation Discharge Date: December 02, 2008 Discharge Type: Revoked - New Conviction |

| 04/28/2007 (Age 43) | Garden City Village Police Department | DWI: 2 Previous Convictions Of Designated Offenses Within 10 Years - Class D Felony <br><br> Aggravated Unlicensed Operation Of A Motor Vehicle-1st Degree - Class E Felony | Convicted Upon Plea Of Guilty - Conviction Date: February 06, 2008 <br><br> Aggravated Unlicensed Operation Motor Vehicle-2nd Degree <br> Class U Misdemeanor <br><br> Sentenced to: <br><br> Term: Time Served Fine Amount: $500 Status: Paid in Full <br> Sentence Date: October 16, 2008 <br><br> Convicted Upon Plea Of Guilty - Conviction Date: February 06, 2008 <br> DWI: 2 Previous Convictions Of Designated Offenses Within 10 Years <br> Class D Felony <br><br> Sentenced to: Probation: 5 Year(s) Term: Time Served Fine Amount: $1500 Status: Paid in Full License Revoked <br> Sentence Date: October 16, 2008 <br><br> June 04, 2009 <br> Bench Warrant Issued <br> June 11, 2009 <br> Returned On Warrant <br><br> Probation Information: <br><br> Probation Discharge Date: May 25, 2010 <br> Discharge Type: Revoked - New Conviction |

| 11/12/2008 (Age 44) | Nassau County Police Department | Operate MV .08 Of 1% Or More Alcohol-Prior Conviction Desig Off W/in 10 Yrs - Class E Felony | December 02, 2008 - Convicted Upon Plea Of Guilty<br><br>Sentenced to: Term: Time Served<br>Sentence Date: December 02, 2008<br><br>November 12, 2008<br>Bench Warrant Issued, Resentence Hearing Pending<br>November 21, 2008<br>Returned On Warrant |
|---|---|---|---|
| 05/10/2009 (Age 45) | Nassau County Police Department | Assault 3rd Degree: Recklessly Cause Physical Injury<br>Class A Misdemeanor<br>Criminal Contempt-2nd:Disobey Court<br>Class A Misdemeanor | Convicted Upon Plea Of Guilty - Conviction Date: February 02, 2010<br><br>Assault 3rd Degree: Recklessly Cause Physical Injury<br>Class A Misdemeanor<br><br>Sentenced to:<br><br>Probation: 3 Year(s) Order of Protection Term: 60 Day(s)<br>Sentence Date: May 19, 2010 |
| 05/12/2009 (Age 45) | Nassau County Police Department | Criminal Contempt-2nd:Disobey Court<br>Class A Misdemeanor | July 20, 2009 - Dismissed Superseded |
| 05/19/2009 (Age 45) | Nassau County Police Department | Domestic Incident Report Filed<br><br>Criminal Contempt-2nd:Disobey Court<br>Class A Misdemeanor | July 20, 2009 - Dismissed Superseded |
| 10/09/2009 (Age 45) | Nassau County Police Department | Criminal Possession Of A Weapon- 2nd Degree Class C Felony<br>Assault 3rd Degree: With Intent To Cause Physical | Convicted Upon Plea Of Guilty - Conviction Date: February 02, 2010<br><br>Criminal Mischief 4:Disable |

| | | Injury - Class A Misdemeanor Menacing-2nd:Weapon Class A Misdemeanor Criminal Mischief 4:Disable Equip To Prevent Request For Emergency Assist - Class A Misdemeanor Unlawfully Dealing Fireworks: Value Greater Than $500 Class A Misdemeanor | Equip To Prevent Request For Emergency Assist - Class A Misdemeanor Sentenced to: Probation: 3 Year(s) Term: 60 Day(s) Sentence Date: May 19, 2010 |
|---|---|---|---|



AO 93  (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) | Case No.   M14  348 |
| Premises Known and Described as 32 Shore Drive West, Copiague, NY 11726, also defined as Section 185.00; Block 02.00; Lot 044.064 | ) | |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____New York_____
*(identify the person or describe the property to be searched and give its location)*:

Premises Known and Described as 32 Shore Drive West, Copiague, NY 11726, also defined as Section 185.00; Block 02.00; Lot 044.064, Suffolk County, New York

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

(SEE ATTACHMENTS "A" AND "B")

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before   4/21/14
No AM   *(not to exceed 14 days)*

☐ in the daytime  6:00 a.m. to 10 p.m.   ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge on duty _____.
                              *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  4/11/14 @ 2:30pm        *Arlene* _____
                                                 *Judge's signature*

City and state:  Central Islip, New York        Arlene R. Lindsay, U.S. Magistrate Judge
                                                 *Printed name and title*

## ATTACHMENT A
### Property to Be Searched

The property to be searched is 32 SHORE DRIVE WEST, COPIAGUE, NEW YORK, further described as SECTION 185.00; BLOCK 02.00; LOT 044.064, SUFFOLK COUNTY, NEW YORK (the "SUBJECT PREMISES"), a two-story, high ranch style, residential single-family home, with an attached garage and a brick façade located on the East side of Shore Drive West.

FBI- MelviLLE OFFICE
135 Pinelawn Road   Suite 350
Melville, N.

ATTACHMENT B
Property to be Seized

1.     All records relating to violations of Title 18, United States Code, in violation of Title 18, United States Code, Sections 152, 1344, 1349 and 1956, and involving AARON WIDER since January 2003, including, but not limited to:

a.     residential loan applications, deeds, mortgage underwriting and transmittal summaries, real estate contracts of sale, bailee letters, allonges, appraisal reports, mortgage assignments, HUD-1 settlement statements, trust agreements, loan exception requests;

b.     any and all records regarding the purchase, sale, assignment, mortgage loan applications, or other documents pertaining to the following locations:

312 Clocks Boulevard, Massapequa, New York
32 Shore Drive West, Copiague, NY
83 Shell Street, Massapequa, NY
29 Quail Run, Massapequa, NY
9 Mott Street, Massapequa, NY
45 Carman Mill Road, Massapequa, NY
2350 Peconic Ave., Seaford, NY
44 Sands Street, Massapequa, NY
42 Sands Street, Massapequa, NY
2550 Jerusalem Ave.,
1 Catherine Place, North Bellmore, NY
1571 Bellmore Avenue, North Bellmore, NY
1800 Newbridge Rd., North Bellmore, NY

c.     any and all records, including but not limited to, corporate resolutions, trust agreements, for Wider Bank & Trust, Wider Bank & Trust 1220, Wider Bank & Trust 62246, Torrosio Living Trust, Wider Bank & Trust 62866, Grooveatech, Lipsky Family Trust, Aaron Wider Trustee, Wider Family Trust, GCF and HTFC.

d.     all bank records, checks, credit card bills, account information, and other financial records for Aaron Wider and/or any of the entities named above;

all of which constitute evidence, fruits, and instrumentalities of violations  of   Title   18, United States Code, Sections 152, 1344, 1349 and 1956.

2.     Computers  or storage media  that contain records or information (hereinafter "COMPUTER") used as a means to commit violations of Title 18, United States Code, Sections 152, 1344, 1349 and 1956,. All information obtained from such computers or storage media will be maintained by the government for the purpose of authentication and any potential discovery obligations in any related prosecution. The information shall be reviewed by the government only for the purpose of identifying and seizing information that

constitutes fruits, evidence and instrumentalities of violations of AARON WIDER since January 2003, including, but not limited to :

      a.      evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, instant messaging logs, photographs, and correspondence;

      b.      evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

      c.      evidence of the lack of such malicious software;

      d.      evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

      e.      evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

      f.      evidence of the times the COMPUTER was used;

      g.      passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

      h.      documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

      i.      contextual information necessary to understand the evidence described in this attachment;

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                               14-CR-221

        -v-

AARON WIDER,
JOSEPH FERRARA,
ERIC FINGER,
JOSEPH MIRANDO,
JOHN PETITON and
MANJEET BAWA,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## AFFIRMATION IN SUPPORT OF MOTION

**Richard A. Miller, Esq.**
**Attorney for Defendant Wider**
**356 Veterans Memorial Highway**
**Suite 3**
**Commack, New York 11725**
**(631) 543-3030**

**To:**
**Attorneys For:**

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    MAR 10 2015    ★

LONG ISLAND OFFICE