

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAM
F.# 2015R01243

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 11, 2016

<u>By ECF</u>

The Honorable Arthur D. Spatt
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

        Re:    United States v. Aaron Wider
                   <u>Criminal Docket No. 14-221 (ADS)</u>

Dear Judge Spatt:

        The government respectfully submits this letter in response to the defendant's November 11, 2016 motion to continue sentencing, and to supplement its November 8, 2016 sentencing memorandum in the above-captioned case.

        The government objects to any further adjournment of the defendant's sentencing, which is currently scheduled for Friday, November 18, 2016. Sentencing in this matter has already been adjourned on two occasions, most recently on August 29, 2016. While the defendant now asks for additional time to formulate an "appropriate response" to the government's November 8, 2016 sentencing memorandum and the November 9, 2016 supplement to the pre-sentence report, there is no compelling reason to grant this request. Indeed, the defendant's own submission was filed on November 3, 2016 - just five days prior to the government's. Nothing in the government's memorandum references information, documents, exhibits, or testimony that was not known by and available to both parties at the time of trial, and both sides - including the defendant himself - will have the opportunity to address the court and supplement the record at the time of sentence. Accordingly, the government respectfully asks that you deny the defendant's motion, and that sentencing proceed as scheduled.

        Additionally, the government writes to address the defendant's argument in his November 3, 2016 submission ("Def. Mem.") that the government's sentencing recommendation is "substantively unreasonable." Def. Mem., Dkt. No. 279, at 15. When

viewed in light of recent sentences, the government's recommended sentence of 360 months' imprisonment - which is within the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range - is both reasonable and appropriate.

In a recent example, the facts and circumstances in United States v. Mshihiri, 816 F.3d 997 (8th Cir. 2016) are similar to the instant case and particularly instructive.  Like Wider, the defendant in Mshihiri was convicted after trial of conspiracy to commit bank fraud for a mortgage fraud scheme that obtained lender's funds through the use of straw buyers; material misrepresentations, omissions, and fraudulent documents; and inflated property values.  Mshihiri, 816 F.3d 997.  Like Wider, Mshihiri engineered this scheme under the guise of his own mortgage company.  Id.  At sentencing, the district court determined that Mshihiri's relevant conduct involved thirteen properties and found that the amount of loss was $1,971,091.91.  Id. The district court applied several enhancements to Mshihiri's base offense level, including: a loss of more than $1 million but not more than $2.5 million; using sophisticated means; making unauthorized use of a means of identification; deriving more than $1 million in gross receipts from one or more financial institutions; acting as an organizer or leader of criminal activity that involved five or more participants; and obstructing justice.  Id. The district court rejected Mshihiri's request that the amount of loss be discounted by thirty percent based on unforeseeable market changes.  Id.

The district court determined that Mshihiri's total offense level was 35, his criminal history category was I, and his advisory sentencing range was 168 to 210 months' imprisonment.  Mshihiri, 816 F.3d 997.  Mshihiri was sentenced to 150 months' imprisonment and ordered to pay restitution in the amount of $1,971,091.91.  Id.  Given that Mr. Wider's criminal history category is V, the number of properties is over three times as many as those in Mshihiri, and loss amount is fifteen-times greater than that in Mshihiri, the government's proposed sentence is proportionate and justified.

While the facts of Mshihiri are comparable to the instant case, the government's sentencing recommendation for Wider is also fully consistent with sentences imposed by courts across the country on similarly-situated mortgage fraud defendants.  For example:

- In United States v. Hill, 643 F.3d 807 (11th Cir. 2011), a sentence of 336 months was held not unreasonable where the defendant perpetrated a mortgage fraud conspiracy involving over 50 homes, $110 million of fraudulent loans, almost all of which went into default, causing more than $38 million in direct losses to lenders.  The district court noted that the amount of loss was not fully taken into account in calculating the Guidelines range; mortgage fraud was serious crime and banks that lost money were not the only victims; mortgage fraud affected innocent individuals who lived next to foreclosed properties; many unwitting straw buyers had their credit ruined and were forced to declare bankruptcy; defendant had history of fraud, as he had previously perpetrated a similar scheme elsewhere; and defendant continued his scheme long after he was aware that he was under investigation.

2

- In <u>United States v. Knox</u>, 624 F.3d 865 (7th Cir. 2010), the defendant was the mastermind of an extensive mortgage fraud scheme using grossly inflated property appraisals and false loan applications.  Using the fraudulent appraisals, Knox convinced buyers to purchase properties at exorbitant prices and then duped lending institutions into extending mortgages based on the trumped up values.  The defendant was sentenced to the maximum 235 months in prison.  The loss amount was only calculated at over $2.5 million.

- In <u>United States v. Cox</u>, No. 07-CR-99 (N.D. Ga. 2007), the defendant was sentenced to 312 months' imprisonment and $5 million in restitution from a large-scale mortgage fraud conspiracy.  The defendant used stolen identities and straw buyers to take out multiple loans on the same property.

- In <u>United States v. McFarland</u>, no. 05-14974, 2007 WL 4142782 (11th Cir. Nov. 23, 2007), <u>cert</u>. <u>denied</u>, 129 S. Ct. 245, the Eleventh Circuit rejected a mortgage fraud defendant's appeal of her 360-month sentence, as the sentence was within the Guidelines ranges, even though each of her co-defendants had been sentenced to terms ranging from 5 to 87 months.

As in the cases cited above, the recommended sentence for the defendant is proportionate and reasonable.  Considering the nature, scope, and impact of his crimes, a Guidelines sentence of 360 months' incarceration is deserved and just.

The government therefore respectfully asks the Court to deny the defendant's motion to continue sentencing and sentence the defendant to the maximum allowable sentence.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:      /s/
         Allen L. Bode
         Artie McConnell
         Assistant U.S. Attorneys
         631-715-7825

cc:   Richard Miller, Esq. (by ECF)
      Linda Fowle, United States Probation Officer (by E-mail)